**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JANE DOE, an individual filing anonymously under a pseudonym,

Plaintiff,

v.

CARHARTT, INC., et al.,

Defendants.

Case No. 26-cv-14261
Hon. Mark A. Goldsmith
Mag. Judge Anthony P. Patti

______________________________________________/

THOMAS R. WARNICKE (P47148)
LAW OFFICE OF THOMAS R. WARNICKE, PLLC
Attorney for Plaintiff
30200 Telegraph Road, Suite 102
Bingham Farms, MI 48025
(248) 410-3031
tom@warnickelaw.com

---

**PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER THE PSEUDONYM "JANE DOE" AND FOR A LIMITED PROTECTIVE ORDER**

---

Plaintiff respectfully moves this Court pursuant to Federal Rule of Civil Procedure 10(a) and the inherent equitable powers of this Court for an order granting her leave to proceed in this action under the pseudonym "Jane Doe". Plaintiff further

requests the entry of a limited protective order governing the handling, filing, and disclosure of her true identity and identifying information.

In support of her Motion, Plaintiff states the following, along with the arguments asserted in her accompanying Brief in Support.

1. Concurrently with this Motion, Plaintiff has filed a Complaint and Demand for Jury Trial alleging race discrimination, a racially hostile work environment, retaliation, sexual harassment, breach of contract and other claims arising out of her executive employment with Defendants.

2. This case involves deeply personal, sensitive, and highly charged workplace experiences, including sexually explicit and unwelcome conduct, targeted racial hostility, and the professional and personal consequences that followed Plaintiff's internal complaints.

3. Attached hereto at **Exhibit 1** is "DECLARATION OF PLAINTIFF, PURSUANT TO 28 U.S.C. § 1746, IN SUPPORT OF MOTION FOR: A.) ISSUANCE OF TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; AND B.) FOR LEAVE TO PROCEED UNDER THE PSEUDONYM "JANE DOE" AND FOR LIMITED PROTECTIVE ORDER."

4. Plaintiff has approximately twenty years of specialized professional experience in human resources and executive organizational leadership. Her professional livelihood, executive reputation, and ability to secure future executive opportunities depend entirely on her credibility and trust.

5. Forcing Plaintiff to append her legal name to the public docket creates an immediate and permanent risk of severe reputational, professional, and personal injury. Modern internet search engines, third-party databases, and legal aggregators ensure that a permanent, searchable stigma would attach to her name long before the merits of her claims are adjudicated.

6. Furthermore, Plaintiff possesses legitimate, concrete concerns regarding public harassment, online backlash, and threats to her personal safety. During her executive tenure, Plaintiff witnessed firsthand the intense national public controversy, online vitriol, and targeted death threats directed at Carhartt leadership (including Mark Valade) following the company's public corporate mandate regarding the COVID-19 vaccine. Public association with a contentious race- and sex-based corporate lawsuit places Plaintiff at an unmitigated risk of similar external hostility.

7. Plaintiff's request is narrowly tailored and causes zero prejudice to Defendants. Defendants know Plaintiff's identity. Plaintiff does not seek to conceal

her identity from Defendants, nor will she restrict their ability to conduct discovery, depose witnesses, investigate claims, or fully litigate their defenses.

8. The public interest in open judicial proceedings remains completely protected. The public will have full access to the Complaint, the explicit nature of the allegations, the identity of the corporate and individual defendants, the legal arguments, and this Court's eventual rulings. The narrow restriction requested applies only to Plaintiff's legal name.

9. Plaintiff's privacy interests in avoiding severe career-ending professional retaliation and safety threats substantially outweigh the general presumption of public party identification under Sixth Circuit standards. Moreover, it also benefits Defendants if Plaintiff is not blackballed and can find replacement employment to mitigate her damages in the lawsuit. Conversely, if Defendants choose to oppose this very limited protection, it further evidences Plaintiff's claims that Defendants retaliated against her, that they have an on-going retaliatory animus against her, and that there exist a significant potential for Defendants to cause Plaintiff additional professional and personal harm.

10. Plaintiff's statutory election to proceed in federal court is independently grounded, in part, in the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 ("EFAA"), 9 U.S.C. §§ 401–402, which grants her the

absolute right to a judicial forum for a qualifying case relating to a sexual harassment dispute, as well as all other claims set forth in this lawsuit.

11. As set forth in the accompanying Brief in Support, courts within the Eastern District of Michigan have granted the requested relief to proceed anonymously under comparable circumstances. See *Doe v. City of Detroit*, No. 18-cv-11295, 2018 WL 3434345 (E.D. Mich. July 17, 2018); *Doe v. Ally Financial, Inc.,* No. 26-cv-11678 (E.D. Mich. July 17, 2026); *H.G. v. Inter-Continental Hotels Corp.,* 489 F. Supp. 3d 697, 713 (E.D. Mich. 2020).

**WHEREFORE**, Plaintiff respectfully requests that this Court grant her Motion and enter an Order providing that:

a. Plaintiff may proceed under the pseudonym "Jane Doe," and her true identity be shielded from the public docket and all public-facing filings;

b. Plaintiff's true identity and identifying information shall be disclosed to Defendants and their counsel for the sole purpose of litigating this action, including discovery, investigation, and depositions;

c. The parties shall redact all identifying information of Plaintiff from public filings and meet and confer regarding an appropriate, comprehensive protective order; and

d. Granting such other relief as this Court deems just and equitable.

Respectfully submitted,

*/s/ Thomas R. Warnicke*
Attorney for Plaintiff
Law Office of Thomas R. Warnicke, PLLC
30200 Telegraph Rd., Ste. 102
Bingham Farms, MI 48025
(248) 410-3031
tom@warnickelaw.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JANE DOE, an individual filing anonymously under a pseudonym,

Plaintiff,

v.

CARHARTT, INC., et al.,

Defendants.

Case No. 26-cv-14261
Hon. Mark A. Goldsmith
Mag. Judge Anthony P. Patti

_______________________________________________________________/

THOMAS R. WARNICKE (P47148)
LAW OFFICE OF THOMAS R. WARNICKE, PLLC
Attorney for Plaintiff
30200 Telegraph Road, Suite 102
Bingham Farms, MI 48025
(248) 410-3031
tom@warnickelaw.com

---

**BRIEF IN SUPPORT OF**

**PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER THE PSEUDONYM "JANE DOE" AND FOR A LIMITED PROTECTIVE ORDER**

## TABLE OF CONTENTS

Statement of Local Rule 7(1)(a) Concurrence……………………………………8

Statement of Issues Presented…………………………………………………….9

Controlling or Most Appropriate Authority………………………………………...10

Introduction……………………………………………………………………11

Statement of Facts…..……………………………………………………………11

Law and Argument………………………………………………………………13

Conclusion……..………………………………………………………………17

## STATEMENT OF LOCAL RULE 7.1(a) CONCURRENCE

Plaintiff's counsel was unable to seek concurrence pursuant to E.D. Mich. LR 7.1(a) because this Motion is being filed in conjunction with Plaintiff's Complaint and no counsel has appeared for any of the Defendants to date.

## STATEMENT OF ISSUES PRESENTED

Whether this Court should exercise its inherent equitable power and authority to allow Plaintiff to proceed under the pseudonym "Jane Doe" pursuant to Federal Rule of Civil Procedure 10(a).

Plaintiff answers: "Yes"

## CONTROLLING AUTHORITIES OR MOST APPROPRIATE

**Court Rules**

- Federal Rule of Civil Procedure 10

**Cases**

- *Citizens for a Strong Ohio v. Marsh,* 123 F. App'x 630, 636–37 (6th Cir. 2005)
- *Doe v. Ally Financial, Inc.*, No. 26-cv-11678 (E.D. Mich. July 17, 2026).**I.**
- *Doe v. City of Detroit*, No. 18-cv-11295, 2018 WL 3434345, at *2–3 (E.D. Mich. July 17, 2018
- *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004)
- *H.G. v. Inter-Continental Hotels Corp.,* 489 F. Supp. 3d 697, 713 (E.D. Mich. 2020);

## INTRODUCTION

This motion presents a narrowly focused equitable request: Plaintiff seeks to pursue her statutory rights in a public forum and hold Defendants accountable while shielding her true identity from permanent, searchable public exposure. Plaintiff does not seek a secret proceeding. She does not request to seal the substance of her Complaint, hide the identity of the corporate or individual Defendants, or block the public from scrutinizing the ongoing judicial process.

Critically, Plaintiff is not seeking anonymity from Defendants. Defendants know exactly who Plaintiff is and will retain full access to all information necessary to investigate, conduct discovery, and assert their defenses. Plaintiff requests only that her actual name be omitted from the public docket to prevent a lasting, searchable association between her personal identity and the sensitive workplace misconduct alleged herein.

## STATEMENT OF FACTS

Concurrently with this motion, Plaintiff has filed a civil Complaint and Demand for Jury Trial against her former employer, Carhartt, Inc., and individual corporate officers. The Complaint sets forth claims for race discrimination, a racially hostile work environment, retaliation, and sexual harassment under federal and state law, as well as the treatment, advancement, and retention of diverse talent across executive leadership settings.

Plaintiff is a highly accomplished corporate professional with approximately twenty years of dedicated experience in human resources and executive leadership. Throughout her career, she has held high-profile roles managing employee relations, talent acquisition, and highly confidential corporate governance matters. Her livelihood and continued career viability depend directly on a reputation of objectivity, credibility, and corporate trust. The underlying dispute involves deeply intimate and polarizing allegations. Among other claims, the Complaint details instances of unwelcome, sexually explicit remarks and actions by a supervisor, alongside systemic racial discrimination affecting Black women in executive leadership settings. Prior to initiating this lawsuit, Plaintiff spent considerable time attempting to resolve these matters privately and amicably through confidential settlement discussions. Because those efforts failed, judicial intervention became necessary.

Compounding the professional risks of this litigation are concrete concerns for personal safety. During her executive employment at Carhartt, Plaintiff witnessed firsthand how corporate policy disputes could rapidly escalate into volatile national controversies. Specifically, during Carhartt's 2022 employee vaccination mandate, corporate leadership—including individual Defendant Mark Valade—became the targets of severe public vitriol, targeted online harassment, and explicit death threats. Given the highly charged nature of race and sex discrimination

lawsuits against prominent national brands, Plaintiff possesses a justified fear that public exposure will attract external harassment, threats, and digital backlash.

## LAW AND ARGUMENT

### A. The Legal Standard for Pseudonymous Litigation

While Federal Rule of Civil Procedure 10(a) states that a complaint must name all parties, the Sixth Circuit explicitly recognizes that a plaintiff may proceed under a pseudonym in exceptional circumstances. The ultimate inquiry is whether the plaintiff's privacy interests substantially outweigh the general presumption of open judicial proceedings. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).

To balance these competing interests, courts evaluate several non-exhaustive factors, including: (1) whether the litigation requires the disclosure of information of the "utmost intimacy"; (2) the risk of injury or retaliation to the plaintiff if identified; and (3) whether proceeding under a pseudonym would unfairly prejudice the defendant's ability to defend the action. *Id.*; see also *Citizens for a Strong Ohio v. Marsh,* 123 F. App'x 630, 636–37 (6th Cir. 2005).

### B. Plaintiff's Request Protects Public Scrutiny and Eliminates Prejudice to Defendants

The Eastern District of Michigan has established that where a plaintiff's identity is fully disclosed to the employer for litigation purposes, the presumption of openness is minimally impacted, and defense prejudice is extinguished. In *Doe v.*

*City of Detroit*, No. 18-cv-11295, 2018 WL 3434345, at *2–3 (E.D. Mich. July 17, 2018), the court granted a plaintiff leave to proceed as "Jane Doe" in a workplace misconduct case. The court emphasized that because the employer already knew the plaintiff's identity, and because the plaintiff agreed to let defense counsel use her name for discovery and depositions, the employer suffered no meaningful prejudice. *Id.* Here, it is also in Defendants' interest that Plaintiff be allowed to mitigate her damages by having the best chance possible to find replacement employment.

The exact same standard applies here. Plaintiff doesn't need to agree to disclose her identity to Defendants and their counsel because they are already aware of who Plaintiff is. In fact, counsel for the parties have exchanged numerous and significant communications from June 2026 through the present date. Plaintiff filed a Charge of Discrimination with the EEOC and Defendants' counsel received a copy. Further, the parties exchanged Mediation Summaries and participated in full-day, in person, private mediation on October 26, 2026. Thus, there can be no dispute that Plaintiff will fully participate in discovery, submit to oral deposition, and comply with all scheduling orders. The public will retain complete access to the merits of the case, the docket entries, the evidence, and the judicial text. The request is narrowly confined to shielding her legal name from public internet indices.

## C. The Intimate Nature of the Allegations and Devastating Career Stigma Support Anonymity

This matter goes far beyond an ordinary commercial or contractual dispute. It requires the explicit detailing of unwelcome sexual harassment and racial hostility encountered at the executive level. Forcing an executive human resources professional to permanently attach her legal name to allegations of sexual misconduct and workplace racial strife creates an insurmountable barrier to future employment.

Modern digital aggregators permanently index public complaints. Any future executive recruiter, corporate board, or prospective employer conducting a routine digital background search would immediately encounter these highly charged pleadings, absent context or resolution. Legal scholarship extensively recognizes that the threat of permanent digital stigmatization frequently deters victims from vindicating their statutory rights. See Eugene Volokh, *The Law of Pseudonymous Litigation*, 73 Hastings L.J. 1353 (2022); Jayne S. Ressler, *Anonymous Plaintiffs and Sexual Misconduct*, 50 Seton Hall L. Rev. 955 (2020).

While economic or reputational harm alone may not automatically dictate pseudonymity, when combined with intimate sexual harassment allegations and an absence of prejudice to the defense, equity strongly favors protection. *H.G. v. Inter-*

*Continental Hotels Corp.,* 489 F. Supp. 3d 697, 713 (E.D. Mich. 2020); *Doe v. Ally Financial, Inc*., No. 26-cv-11678 (E.D. Mich. July 17, 2026).

**D. Plaintiff Faces Legitimate Safety Concerns and Threats of External Backlash**

The risk of injury extends outside the professional sphere into personal safety. Courts properly consider the threat of extra-judicial backlash from individuals outside the immediate workplace. *Doe v. City of Detroit*, 2018 WL 3434345, at *2–3.

Plaintiff's fears are grounded in concrete corporate history. Having observed firsthand the systemic death threats leveled against Carhartt's principal executives during a prior public policy dispute, Plaintiff has a reasonable, tailored basis to fear that a public, highly visible race and sex discrimination lawsuit against a major national corporation will expose her to external harassment and targeted threats.

**E. The Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act (EFAA)**

Plaintiff's determination to bring this action in federal court is a protected statutory right under the *EFAA*, 9 U.S.C. §§ 401–402. The Act renders pre-dispute arbitration agreements void and unenforceable at the election of a person alleging a sexual harassment dispute. The Sixth Circuit has confirmed that a plausible allegation of sexual harassment exempts the entire related case from forced

arbitration, including accompanying race and retaliation claims. *Bruce v. Adams & Reese, LLP*, No. 25-5210 (6th Cir. Feb. 25, 2026). Plaintiff has a clear statutory right to a federal judicial forum, and she should not be forced to forfeit her personal safety or professional existence as the price of admission to a federal courthouse.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant her Motion for Leave to Proceed Under a Pseudonym and enter the requested limited protective order. Further, Plaintiff respectfully requests that this relief be granted at this stage, with the knowledge that the issue could be revisited, if necessary, at a later date.

Respectfully submitted,

*/s/ Thomas R. Warnicke*
Attorney for Plaintiff
Law Office of Thomas R. Warnicke, PLLC
30200 Telegraph Rd., Ste. 102
Bingham Farms, MI 48025
(248) 410-3031
tom@warnickelaw.com

# EXHIBIT 1

**DECLARATION OF PLAINTIFF, PURSUANT TO 28 U.S.C. § 1746, IN SUPPORT OF MOTION FOR:**

**A. ISSUANCE OF TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; AND,**

**B. LEAVE TO PROCEED UNDER THE PSEUDONYM "JANE DOE" AND FOR LIMITED PROTECTIVE ORDER**

---

I, Jane Doe, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following facts are true and correct to the best of my knowledge, information and belief:

1. I am the Plaintiff in the above-captioned action. I submit this declaration in support of my motion for: A). Issuance of Temporary Restraining Order and Preliminary Injunction; and B). For Leave to Proceed Under the Pseudonym "Jane Doe" and for Limited Protective Order. The statements contained herein are based upon my own personal, firsthand knowledge.

2. I am an experienced human resources executive with approximately twenty years of professional, corporate organizational experience. Throughout my career, I have held senior leadership roles responsible for managing sensitive employee relations, executive talent management, compliance, and corporate governance.

3. Because of the specialized nature of executive human resources, my professional livelihood, ongoing credibility, and ability to secure future executive opportunities or board seats depend entirely on an unblemished reputation of trust, objectivity, and corporate confidentiality.

4. My lawsuit against Carhartt, Inc. et al. involves deeply personal and sensitive allegations of racial discrimination, a racially hostile work environment, retaliation, and sexual harassment. The Complaint details explicit, unwelcome, and offensive workplace sexual misconduct, alongside discriminatory actions directed toward Black women in executive leadership settings.

5. These underlying experiences have inflicted severe emotional distress, humiliation, and psychological burdens upon me. Forcing me to litigate these deeply personal and intimate matters under my legal name on a public, unredacted docket would compound this trauma and expose me to an unmitigated public spotlight.

6. I am gravely concerned about the enduring professional and reputational consequences of publicly linking my legal name to these specific allegations. Public dockets are permanently indexed by internet search engines, scraped by legal databases, and circulated through executive professional networks. If my name is permanently associated with this contentious litigation, it will create an

immediate, insurmountable barrier to my career advancement, as prospective employers or recruiters will inevitably discover the pleadings without appropriate context or eventual resolution.

7. Prior to filing this action, I made exhaustive, good-faith efforts to resolve this entire dispute privately, confidentially, and amicably. I did not seek public attention or a public forum. Because those private discussions failed to yield a resolution, I am forced to seek judicial remedies to hold Defendants accountable. My decision to protect my legal rights should not require the total relinquishment of my privacy.

8. I am not seeking anonymity to gain an unfair advantage, evade accountability, or mislead this Court. I am fully aware that Defendant Carhartt, Inc. and the individual corporate defendants know my true identity. I fully intend to participate transparently in all aspects of discovery, to sit for deposition, and to comply with all court orders. My request is narrowly tailored to prevent unnecessary exposure of my identity to the general public.

9. My concerns also encompass my personal safety and the risk of public harassment. During my executive employment at Carhartt, I witnessed how corporate policy matters could quickly transform into highly charged, national public controversies. Specifically, during the company's 2022 employee

vaccination mandate, I had direct, firsthand knowledge of explicit death threats and violent vitriol leveled against Carhartt executive leadership, including Mark Valade.

10. Based on this direct experience, I have a legitimate, well-founded fear that being publicly identified as a plaintiff in a high-profile race and sex harassment lawsuit against a major national brand will expose me to severe online backlash, public harassment, and direct threats to my personal safety.

11. I respectfully request that this Court consider the intimate nature of the allegations as a whole, the catastrophic impact on my professional livelihood, and my safety concerns, and allow me to proceed under the pseudonym "Jane Doe."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 6th day of November, 2026.

*/s/ Jane Doe*

Jane Doe, Plaintiff