**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JANE DOE, an individual filing
anonymously under a pseudonym,

Plaintiff,

v.

CARHARTT, INC., et al.,

Defendants.

Case No. 26-cv-14261
Hon. Mark A. Goldsmith
Mag. Judge Anthony P. Patti

______________________________________________/

THOMAS R. WARNICKE (P47148)
LAW OFFICE OF THOMAS R. WARNICKE, PLLC
Attorney for Plaintiff
30200 Telegraph Road, Suite 102
Bingham Farms, MI 48025
(248) 410-3031
tom@warnickelaw.com

---

**PLAINTIFF'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION TO PRESERVE ANONYMITY**

---

Plaintiff, through her counsel, proceeding under the pseudonym Jane Doe, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 65(b) and Local Rule 65.1 for the entry of an emergency Temporary Restraining Order ("TRO") and Preliminary Injunction. Plaintiff requests an order enjoining the Clerk

of the Court and the Defendants from disclosing, publishing, or entering into the public record Plaintiff's true identity, pending the Court's resolution of Plaintiff's concurrently filed "Plaintiff's Motion for Leave to Proceed Under the Pseudonym 'Jane Doe' and For Limited Protective Order." (ECF No. 2).

In support of this emergency motion, Plaintiff states as follows:

1. Concurrently with this motion, Plaintiff filed Complaint and Demand for Jury Trial (ECF No. 1) under the pseudonym "Jane Doe" arising from her employment claims against her former employers, including race discrimination and retaliation, sexual harassment and hostile environment.

2. In tandem with filing Plaintiff's Complaint and Plaintiff's Motion for Leave to Proceed as Jane Doe, Plaintiff files the present motion for a TRO and/or Preliminary Injunction.

3. Absent immediate injunctive relief, Defendants may file court documents that disclose Plaintiff's true identity on the public docket, which will cause immediate, irreparable harm as fully described in the Plaintiff's Motion for Leave to Proceed Under the Pseudonym "Jane Doe" and for a Limited Protective Order, before this Court can rule on the underlying motion to proceed under a pseudonym.

4. Preserving the status quo through a temporary restraining order is necessary because once Plaintiff's identity is disclosed on a public docket, the privacy interest sought to be protected is permanently and irreversibly lost.

WHEREFORE, Plaintiff respectfully requests that this Court grant this Emergency Motion and enter an Order:

A. Restraining the Clerk of the Court from entering Plaintiff's true name or identifying information on the public docket;

B. Restraining Defendants and their agents from disclosing Plaintiff's identity or identifying information to any third parties or in any public filing; and

C. Maintaining this restriction until such time as the Court rules on Plaintiff's Motion to Proceed as "Jane Doe."

Respectfully submitted,

*/s/ Thomas R. Warnicke*
Attorney for Plaintiff
Law Office of Thomas R. Warnicke, PLLC
30200 Telegraph Rd., Ste. 102
Bingham Farms, MI 48025
(248) 410-3031
tom@warnickelaw.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JANE DOE, an individual filing
anonymously under a pseudonym,

Plaintiff,

v.

CARHARTT, INC., et al.,

Defendants.

Case No. 26-cv-14261
Hon. Mark A. Goldsmith
Mag. Judge Anthony P. Patti

______________________________________/

THOMAS R. WARNICKE (P47148)
LAW OFFICE OF THOMAS R. WARNICKE, PLLC
Attorney for Plaintiff
30200 Telegraph Road, Suite 102
Bingham Farms, MI 48025
(248) 410-3031
tom@warnickelaw.com

---

**BRIEF IN SUPPORT OF**

**PLAINTIFF'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION TO PRESERVE ANONYMITY**

---

# TABLE OF CONTENTS

Statement of Local Rule 7(1)(a) Concurrence……………………………………6

Statement of Issues Presented…………………………………………………….7

Controlling or Most Appropriate Authority……………………………………....8

Introduction……………………………………………………………………….9

Statement of Facts…..…………………………………………………………….9

Legal Argument…………………………………………………………………..10

Conclusion…….…………………………………………………………………11

## STATEMENT OF LOCAL RULE 7.1(a) CONCURRENCE

Plaintiff's counsel was unable to seek concurrence pursuant to E.D. Mich. LR 7.1(a) because this Motion is being filed in conjunction with Plaintiff's Complaint and no counsel has appeared for any of the Defendants to date.

## STATEMENT OF ISSUES PRESENTED

Whether this Court should issue a Temporary Restraining Order and Preliminary Injunction to prevent the public disclosure of Plaintiff's true identity, thereby preserving the status quo, until the Court decides Plaintiff's pending Motion to Proceed Under a Pseudonym.

Plaintiff answers: "Yes”

## CONTROLLING AUTHORITIES OR MOST APPROPRIATE

**Court Rules**

- Federal Rule of Civil Procedure 65(b) and Local Rule 65.1

**Cases**

- *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004)
- *Rock & Roll Hall of Fame & Museum, Inc. v. Gentile Prods*., 134 F.3d 1237, 1239 (6th Cir. 1998).

## INTRODUCTION

This emergency application seeks a temporary restraining order and preliminary injunction for the sole purpose of preserving the status quo. Plaintiff has filed a lawsuit involving matters of an intensely private and sensitive nature. To prevent the immediate and irreversible destruction of Plaintiff's privacy rights, it is necessary to temporarily restrain the disclosure of Plaintiff's true name until this Court can substantively evaluate Plaintiff's Motion to Proceed Under a Pseudonym.

## STATEMENT OF FACTS

In the interest of brevity, Plaintiff refers and relies upon the facts and argument set forth in her Motion for Leave to Proceed Under the Pseudonym "Jane Doe" and for a Limited Protective Order. In a nutshell, Plaintiff's privacy interests outweigh the general presumption of open judicial proceedings, and irreparable harm will be done if a TRO or Preliminary Injunction is not issued before this Court decides Plaintiff's Motion to Proceed as Jane Doe. Plaintiff has attached as **Exhibit 1** to this Motion a detailed "Declaration of Plaintiff, Pursuant to 28 U.S.C. 28 § 1746, . . ." which provides factual support for the present Motion.

## LEGAL STANDARD

In the Sixth Circuit, a court evaluates four factors when determining whether to grant a TRO or preliminary injunction: "(1) whether the movant has a strong

likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *Rock & Roll Hall of Fame & Museum, Inc. v. Gentile Prods*., 134 F.3d 1237, 1239 (6th Cir. 1998).

## LEGAL ARGUMENT

### A. Plaintiff Has a Strong Likelihood of Success on the Underlying Pseudonym Motion.

Under Sixth Circuit law, a plaintiff may depart from the realization of Federal Rule of Civil Procedure 10(a) and proceed under a pseudonym when their privacy interests substantially outweigh the presumption of open judicial proceedings. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). Plaintiff's underlying motion demonstrates that her lawsuit and claims involve matters of extreme personal privacy, risk of severe retaliation, or statutory protection. Because Plaintiff meets the Porter standard, there is a strong likelihood of success on the merits.

### B. Plaintiff Will Suffer Irreparable Injury Absent Temporary Relief.

Irreparable harm is the touchstone of injunctive relief. If Plaintiff is forced to identify themself on the public record before the Court rules on the underlying motion, the privacy sought will be permanently shattered. "Compliance with an

order or a public filing that destroys privacy cannot be undone; the bell, once rung, cannot be unrung." A public docket entry is accessible worldwide instantly. Thus, denial of temporary relief renders the underlying motion completely moot.

**C. The Balance of Equities and Public Interest Favor an Injunction.**

The requested TRO causes zero prejudice to Defendants. Defendants knows the identity of Plaintiff and will be able to proceed with undeterred discovery, ensuring their ability to prepare a defense. Furthermore, the public interest is served by ensuring that citizens are not entirely deterred from seeking judicial review of valid legal claims out of fear of public exposure or retaliation.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that this Court grant the emergency motion for a Temporary Restraining Order and Preliminary Injunction.

Respectfully submitted,

*/s/ Thomas R. Warnicke*
Attorney for Plaintiff
Law Office of Thomas R. Warnicke, PLLC
30200 Telegraph Rd., Ste. 102
Bingham Farms, MI 48025
(248) 410-3031
tom@warnickelaw.com

# EXHIBIT 1

## DECLARATION OF PLAINTIFF, PURSUANT TO 28 U.S.C. § 1746, IN SUPPORT OF MOTION FOR:

### A. ISSUANCE OF TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; AND,

### B. LEAVE TO PROCEED UNDER THE PSEUDONYM "JANE DOE" AND FOR LIMITED PROTECTIVE ORDER

---

I, Jane Doe, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following facts are true and correct to the best of my knowledge, information and belief:

1. I am the Plaintiff in the above-captioned action. I submit this declaration in support of my motion for: A). Issuance of Temporary Restraining Order and Preliminary Injunction; and B). For Leave to Proceed Under the Pseudonym "Jane Doe" and for Limited Protective Order. The statements contained herein are based upon my own personal, firsthand knowledge.

2. I am an experienced human resources executive with approximately twenty years of professional, corporate organizational experience. Throughout my career, I have held senior leadership roles responsible for managing sensitive employee relations, executive talent management, compliance, and corporate governance.

3. Because of the specialized nature of executive human resources, my professional livelihood, ongoing credibility, and ability to secure future executive opportunities or board seats depend entirely on an unblemished reputation of trust, objectivity, and corporate confidentiality.

4. My lawsuit against Carhartt, Inc. et al. involves deeply personal and sensitive allegations of racial discrimination, a racially hostile work environment, retaliation, and sexual harassment. The Complaint details explicit, unwelcome, and offensive workplace sexual misconduct, alongside discriminatory actions directed toward Black women in executive leadership settings.

5. These underlying experiences have inflicted severe emotional distress, humiliation, and psychological burdens upon me. Forcing me to litigate these deeply personal and intimate matters under my legal name on a public, unredacted docket would compound this trauma and expose me to an unmitigated public spotlight.

6. I am gravely concerned about the enduring professional and reputational consequences of publicly linking my legal name to these specific allegations. Public dockets are permanently indexed by internet search engines, scraped by legal databases, and circulated through executive professional networks. If my name is permanently associated with this contentious litigation, it will create an

immediate, insurmountable barrier to my career advancement, as prospective employers or recruiters will inevitably discover the pleadings without appropriate context or eventual resolution.

7. Prior to filing this action, I made exhaustive, good-faith efforts to resolve this entire dispute privately, confidentially, and amicably. I did not seek public attention or a public forum. Because those private discussions failed to yield a resolution, I am forced to seek judicial remedies to hold Defendants accountable. My decision to protect my legal rights should not require the total relinquishment of my privacy.

8. I am not seeking anonymity to gain an unfair advantage, evade accountability, or mislead this Court. I am fully aware that Defendant Carhartt, Inc. and the individual corporate defendants know my true identity. I fully intend to participate transparently in all aspects of discovery, to sit for deposition, and to comply with all court orders. My request is narrowly tailored to prevent unnecessary exposure of my identity to the general public.

9. My concerns also encompass my personal safety and the risk of public harassment. During my executive employment at Carhartt, I witnessed how corporate policy matters could quickly transform into highly charged, national public controversies. Specifically, during the company's 2022 employee

vaccination mandate, I had direct, firsthand knowledge of explicit death threats and violent vitriol leveled against Carhartt executive leadership, including Mark Valade.

10. Based on this direct experience, I have a legitimate, well-founded fear that being publicly identified as a plaintiff in a high-profile race and sex harassment lawsuit against a major national brand will expose me to severe online backlash, public harassment, and direct threats to my personal safety.

11. I respectfully request that this Court consider the intimate nature of the allegations as a whole, the catastrophic impact on my professional livelihood, and my safety concerns, and allow me to proceed under the pseudonym "Jane Doe."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 6th day of November, 2026.

*/s/ Jane Doe*

Jane Doe, Plaintiff