**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JANE DOE, an individual filing anonymously under a pseudonym,

Plaintiff,

v.

CARHARTT, INC., et al.,

Defendants.

Case No. 2:26-cv-14261

Hon. Mark A. Goldsmith

Mag. Judge Anthony P. Patti

THOMAS R. WARNICKE (P47148)
LAW OFFICE OF THOMAS R. WARNICKE, PLLC
Attorney for Plaintiff
30200 Telegraph Road, Suite 102
Bingham Farms, MI 48025
(248) 410-3031
tom@warnickelaw.com

DICKINSON WRIGHT PLLC
DANIEL D. QUICK (P48109)
AARON V. BURRELL (P73708)
ELLE C. KERSTEN (P87856)
Attorneys for Defendants
500 Woodward Avenue, Suite 4000
Detroit, MI 48226
(313) 223-3500
dquick@dwlaw.com
aburrell@dwlaw.com
ekersten@dwlaw.com

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER THE PSEUDONYM "JANE DOE" AND FOR A LIMITED PROTECTIVE ORDER (ECF NO. 2) AND TO PLAINTIFF'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION TO PRESERVE ANONYMITY (ECF NO. 3)**

Defendants Carhartt, Inc., Mark Valade, Linda Hubbard, Todd Corley, Amy Fencyk, Anna Inch, Jennifer Piscopink, Andrea Dudek, and Jodi Ruffin (collectively, "Defendants"), through their counsel, Dickinson Wright PLLC,

respond in opposition to Plaintiff's Motion for Leave to Proceed Under the Pseudonym "Jane Doe" and for a Limited Protective Order (ECF No. 2) (the "Motion") and to Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction to Preserve Anonymity (ECF No. 3) (together the "Motions").

For the reasons stated in the accompanying Brief in Support, which Defendants incorporate by reference, Plaintiff has not carried her burden of showing that her privacy interests substantially outweigh the presumption of open judicial proceedings under Federal Rule of Civil Procedure 10(a) and *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). Nor has she shown good cause under Federal Rules of Civil Procedure 26(c) or 65(b) for the protective order, temporary restraining order, or preliminary injunction she requests.

Defendants therefore respectfully request that the Court deny the Motions in their entirety and order Plaintiff to file an amended complaint in her true name within fourteen (14) days of the Court's order.

Defendants submit this Response without waiving, and expressly preserving, all defenses, objections, and rights, including without limitation those available under Federal Rule of Civil Procedure 12 and under the arbitration provision of Plaintiff's Employment Agreement.

Respectfully submitted,

DICKINSON WRIGHT PLLC

By: */s/ Aaron V. Burrell*
DANIEL D. QUICK (P48109)
AARON V. BURRELL (P73708)
ELLE C. KERSTEN (P87856)
500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226
(313) 223-3500
aburrell@dwlaw.com
*Attorneys for Defendants*

Dated: November 10, 2026

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JANE DOE, an individual filing anonymously under a pseudonym,

Plaintiff,

v.

CARHARTT, INC., et al.,

Defendants.

Case No. 2:26-cv-14261

Hon. Mark A. Goldsmith

Mag. Judge Anthony P. Patti

THOMAS R. WARNICKE (P47148)
LAW OFFICE OF THOMAS R. WARNICKE, PLLC
Attorney for Plaintiff
30200 Telegraph Road, Suite 102
Bingham Farms, MI 48025
(248) 410-3031
tom@warnickelaw.com

DICKINSON WRIGHT PLLC
DANIEL D. QUICK (P48109)
AARON V. BURRELL (P73708)
ELLE KERSTEN (P87856)
Attorneys for Defendants
500 Woodward Avenue, Suite 4000
Detroit, MI 48226
(313) 223-3500
dquick@dwlaw.com
aburrell@dwlaw.com
ekersten@dwlaw.com

**BRIEF IN SUPPORT OF DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER THE PSEUDONYM "JANE DOE" AND FOR A LIMITED PROTECTIVE ORDER (ECF NO. 2) AND TO PLAINTIFF'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION TO PRESERVE ANONYMITY (ECF NO. 3)**

## TABLE OF CONTENTS


I. INTRODUCTION ........................................................................................ 1

II. BACKGROUND ....................................................................................... 2

A. Plaintiff's Allegations ........................................................................... 2

B. Plaintiff's Complaint Publicly Identifies Others—and Her ............................ 2

III. LEGAL STANDARD .................................................................................. 4

IV. ARGUMENT .......................................................................................... 6

A. Plaintiff Sidesteps the Governing Sixth Circuit Standard. .............................. 6

B. Every *Porter* Factor Weighs Against Anonymity. .......................................... 7

1. Plaintiff Does Not Challenge Governmental Activity. ................................ 7

2. This Case Does Not Require Disclosure of Information "of the Utmost Intimacy." ........................................................................................ 7

3. Plaintiff Will Not Disclose Any Intention to Violate the Law, and She Is Not a Minor. ...................................................................................... 10

C. Plaintiff's Remaining Justifications Do Not Overcome the Presumption of Openness ........................................................................................ 10

1. Reputational and Career Concerns Are Insufficient as a Matter of Law ... 10

2. Plaintiff's Safety Concern Is Speculative. ................................................ 12

3. Plaintiff's Identity Is Already Disclosed—By Her Own Filings. ............. 13

D. Anonymity Would Prejudice Defendants and Disserve the Public Interest..13

1. Fundamental Fairness Requires Plaintiff to Stand Behind Her Accusations Publicly. ....................13

2. Defendants' Knowledge of Plaintiff's Identity Does Not Eliminate Prejudice. ....................14

3. The Public Has a Substantial Interest in This Case. ....................15

4. Opposing This Motion Is Not Evidence of Retaliation. ....................15

5. Plaintiff's Authorities Do Not Support Her Request. ....................16

6. Plaintiff Has Not Shown Good Cause for Her Requested Protective Order. ....................17

7. The Motion Suffers From Additional Procedural Defects....................18

V. CONCLUSION ....................20

## INDEX OF AUTHORITIES

**Cases**

*Bruce v. Adams & Reese, LLP*, No. 25-5210 (6th Cir. 2026)....22

*Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630 (6th Cir. 2005) ....13, 14, 22

*Doe #11 v. Lee*, No. 3:22-cv-00338, 2023 WL 1929996 (M.D. Tenn. Feb. 10, 2023)....19

*Doe v. Ally Financial, Inc.*, No. 26-cv-11678 (E.D. Mich. July 17, 2026)....22

*Doe v. Brooks Automation US LLC*, No. 3:24-cv-01284, 2025 WL 936659 (M.D. Tenn. Mar. 27, 2025)....passim

*Doe v. City of Detroit*, No. 18-cv-11295, 2018 WL 3434345 (E.D. Mich. July 17, 2018)....15, 19, 22

*Doe v. Edoff*, No. 24-13209, 2025 WL 733431 (E.D. Mich. Mar. 6, 2025).....14, 15, 22, 23, 25

*Doe v. Fairfield Med. Ctr.*, No. 2:22-cv-3919, 2023 WL 130726 (S.D. Ohio Jan. 9, 2023)....18

*Doe v. FedEx Ground Package Sys., Inc.*, No. 3:21-cv-00395, 2021 WL 5041286 (M.D. Tenn. Oct. 29, 2021)....16, 17

*Doe v. Frank*, 951 F.2d 320 (11th Cir. 1992)....18

*Doe v. Mass. Inst. of Tech.*, 46 F.4th 61 (1st Cir. 2022)....14

*Doe v. Megless*, 654 F.3d 404 (3d Cir. 2011)....18

*Doe v. Porter*, 370 F.3d 558 (6th Cir. 2004)....passim

*Doe v. Shakur*, 164 F.R.D. 359 (S.D.N.Y. 1996)....20

*Doe v. Shaw Elec. Co.*, No. 24-cv-10746, 2024 WL 1815459 (E.D. Mich. Mar. 28, 2024)....passim

*Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981)....14

*Doe v. Univ. of Akron*, No. 5:15-cv-2309, 2016 WL 4520512 (N.D. Ohio Feb. 3, 2016)....20

*Doe v. Univ. of Pittsburgh*, No. 1:17-cv-213, 2018 WL 1312219 (W.D. Mich. Mar. 14, 2018) ........ 18

*H.G. v. Inter-Continental Hotels Corp.*, 489 F. Supp. 3d 697 (E.D. Mich. 2020) ........ 22

*Nix v. Sword*, 11 F. App'x 498 (6th Cir. 2001) ........ 23

*Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299 (6th Cir. 2016) ........ 13, 21, 23

*S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707 (5th Cir. 1979) ........ 16, 18, 20

**Statutes and Rules**

9 U.S.C. §§ 401–402 ........ 22

28 U.S.C. § 1746 ........ 24

Fed. R. Civ. P. 5.2 ........ 23

Fed. R. Civ. P. 10(a) ........ 11, 13, 21

Fed. R. Civ. P. 26(c) ........ 23

E.D. Mich. LR 5.3 ........ 23

E.D. Mich. LR 7.1(a) ........ 13, 23

## STATEMENT OF ISSUES PRESENTED

1. Whether Plaintiff—a senior human-resources executive suing her former private employer and eight named individuals for race discrimination, retaliation, and alleged verbal sexual harassment, and demanding at least $100 million in damages—has shown the exceptional circumstances required to overcome Rule 10(a) and the presumption of open judicial proceedings.

| | |
|---|---|
| Defendants answer: | No. |
| Plaintiff answers: | Yes. |

2. Whether Plaintiff has shown good cause under Rule 26(c) for a protective order requiring the parties to redact "all identifying information" of Plaintiff from public filings.

| | |
|---|---|
| Defendants answer: | No. |
| Plaintiff answers: | Yes. |

3. Whether Plaintiff has shown good cause under Rule 65(b) for a temporary restraining order and preliminary injunction requiring the parties to redact "all identifying information" of Plaintiff from public filings until the Court rules on Plaintiff's Motion for a Protective Order.

| | |
|---|---|
| Defendants answer: | No. |
| Plaintiff answers: | Yes. |

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

Fed. R. Civ. P. 10(a)

Fed. R. Civ. P. 26(c)

Fed. R. Civ. P. 65(b)

*Doe v. Porter*, 370 F.3d 558 (6th Cir. 2004)

*Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630 (6th Cir. 2005)

*Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299 (6th Cir. 2016)

*Doe v. Shaw Elec. Co.*, No. 24-cv-10746, 2024 WL 1815459 (E.D. Mich. Mar. 28, 2024)

*Doe v. Edoff*, No. 24-13209, 2025 WL 733431 (E.D. Mich. Mar. 6, 2025)

# I. INTRODUCTION

Plaintiff chose to file an 89-page Complaint, with eight exhibits, that publicly accuses eight named individuals. (ECF No. 1, PageID.1, 7.) She demands "at least $100 Million" in punitive damages and recounts the offensive remarks allegedly directed at them. And her own exhibits identify her title, her start date, her compensation, and—in two places—her surname. Having made those choices, Plaintiff now asks the Court to let her alone litigate behind a pseudonym.

Rule 10(a) does not permit that one-sided arrangement absent exceptional circumstances, and none exist here. Plaintiff's Motion to Proceed under a Pseudonym leaves out three of the four governing *Porter* factors—each of which weighs against her. It rests on reputational and career concerns that every employment plaintiff shares and that courts in this District consistently hold insufficient. Indeed, Judge Borman denied a materially identical motion by an employment plaintiff alleging sexual harassment and retaliation less than three years ago. *Doe v. Shaw Elec. Co.*, No. 24-cv-10746, 2024 WL 1815459 (E.D. Mich. Mar. 28, 2024). Plaintiff's claimed "safety" concern rests on threats made to someone else, about an unrelated controversy, four years ago. And her Motions ignore that her own filings have already disclosed her identity. This Court should deny the Motions.

## II. BACKGROUND

### A. Plaintiff's Allegations

Plaintiff is Carhartt's former Vice President, Global Talent Management, whose compensation she alleges exceeded $600,000 in 2025. (ECF No. 1, ¶ 13, PageID.6.) She erroneously describes herself as Carhartt's "highest ranking Black executive." (*Id.* ¶ 1, PageID.2.) She sues Carhartt and eight current or former executives, each in his or her individual capacity. (*Id.* ¶ 15, PageID.7.) Her seven counts assert race discrimination and retaliation under 42 U.S.C. § 1981 and the Elliott-Larsen Civil Rights Act ("ELCRA"), breach of contract, and intentional and negligent infliction of emotional distress. Only one count—Count IV—alleges sexual harassment, based on comments and conduct attributed to a single supervisor. (*Id.* ¶¶ 302–08, 358–62, PageID.70–72, 83–84.)

### B. Plaintiff's Complaint Publicly Identifies Others—and Her

The Complaint identifies non-party co-workers by full name, including Shayla Crosby, Olacoy Lawyer, and Carrie Herron, and describes their workplace experiences in detail. (*Id.* at PageID.20, 32, 50.) It quotes an alleged remark purportedly directed at Ms. Crosby by her first name. (*Id.* ¶ 260, PageID.62.)

Plaintiff also attached her Employment Agreement, which discloses her title, her start date, and her compensation. (ECF No. 1, Ex. 1, PageID.91–95.) Although the exhibit is partially redacted, Plaintiff's surname appears unredacted on two

pages. (*Id.*, Ex. 1, PageID.93, 95.) She also publicly filed a draft separation agreement captioned "Confidential Separation Agreement and General Release of All Claims." (*Id.*, Ex. 8, PageID.129.)

### C. The Motions

Plaintiff supports her Motions with a declaration signed only "/s/ Jane Doe," which is captioned as supporting both her Motion to Proceed Under a Pseudonym and the Motion for a "Temporary Restraining Order and Preliminary Injunction." (*Id.* at PageID.155, 158.) As to concurrence, Plaintiff's counsel misrepresents to the Court that she could not seek concurrence under E.D. Mich. LR 7.1(a) because "no counsel has appeared for any of the Defendants to date." (*Id.* at PageID.144; ECF No. 3, PageID.164) However, Attorney Cameron Evans: (1) represented Carhartt, Inc. at the time of the filing of the Motions (2) engaged in a pre-litigation mediation with Plaintiff's counsel regarding this matter; (3) and was available to discuss concurrence. And Plaintiff's Motion to Proceed Under a Pseudonym acknowledges that counsel for the parties "have exchanged numerous and significant communications from June 2026 through the present date," exchanged mediation summaries, and participated in a full-day mediation on October 26, 2026. (ECF No. 2, PageID.150.)

## III. LEGAL STANDARD

"The title of the complaint must name all the parties[.]" Fed. R. Civ. P. 10(a). The requirement is "more than a customary procedural formality[,]" because "[t]he people have a right to know who is using their courts." *Doe v. Shaw Elec. Co.*, No. 24-cv-10746, 2024 WL 1815459, at *2 (E.D. Mich. Mar. 28, 2024) (Borman, J.) (citations omitted); *see also Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (describing the "strong presumption" of openness). The requirement is also jurisdictional in effect: "Failure to seek permission to proceed under a pseudonym is fatal to an anonymous plaintiff's case, because . . . the federal court[] lack[s] jurisdiction over the unnamed parties, as a case has not been commenced with respect to them." *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 637 (6th Cir. 2005); *see Shaw*, 2024 WL 1815459, at *1.

A court may excuse a plaintiff from identifying herself only where her "privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). The Sixth Circuit has identified the considerations that govern that inquiry: "(1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information 'of the utmost intimacy'; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether

the plaintiffs are children." *Id.* (citing *Doe v. Stegall*, 653 F.2d 180, 185–86 (5th Cir. 1981)). Courts may also consider whether the plaintiff would risk harm if identified and whether anonymity would prejudice other parties. *Shaw*, 2024 WL 1815459, at *2 (citing *Marsh*, 123 F. App'x at 636). Throughout, the court "must 'start from the premise that proceeding pseudonymously is the exception rather than the rule.'" *Id.* (citation omitted). "The party seeking pseudonymity bears the burden of rebutting the strong presumption against it." *Doe v. Edoff*, No. 24-13209, 2025 WL 733431, at *2 (E.D. Mich. Mar. 6, 2025) (Cox, J.) (quoting *Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 73 (1st Cir. 2022)).

A preliminary injunction is "an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). The Sixth Circuit applies the same four factors to a temporary restraining order as to a preliminary injunction: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent the order; (3) whether the order would cause substantial harm to others; and (4) whether the public interest would be served. *Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008) (citation omitted).

## IV. ARGUMENT

### A. Plaintiff Sidesteps the Governing Sixth Circuit Standard.

Plaintiff tells the Court that *Porter* directs a three-part inquiry into (1) the "utmost intimacy" of the information, (2) "the risk of injury or retaliation to the plaintiff if identified," and (3) "whether proceeding under a pseudonym would unfairly prejudice the defendant." (ECF No. 2, PageID.149.) That is not what *Porter* says. *Porter* identifies four considerations: whether the plaintiff challenges governmental activity, whether the suit compels disclosure of information of the utmost intimacy, whether the plaintiff must disclose an intention to violate the law, and whether the plaintiff is a child. 370 F.3d at 560. Risk of harm and prejudice are, at most, additional considerations that courts "may also consider." *Shaw*, 2024 WL 1815459, at *2. By omitting three of the four *Porter* factors—each of which weighs against her—and elevating the supplemental considerations in their place, Plaintiff recasts the test into one that nearly any plaintiff whose adversary already knows her name could satisfy. The plaintiff in *Shaw* took the same approach, and the court noted that she "does not address these factors in her Motion" before finding that they weighed against her. *Id.* The Court should apply the test the Sixth Circuit actually articulated.

**Every *Porter* Factor Weighs Against Anonymity.**

*Porter* itself illustrates the kind of case that warrants anonymity. The plaintiffs there challenged a public school board's program of religious instruction, were forced to reveal their religious beliefs—"perhaps the quintessentially private matter"—in a community where they faced "considerable harassment," and sued on behalf of "very young children, to whom [courts] grant a heightened protection." 370 F.3d at 560–61. None of those circumstances is present here. As in *Shaw*, "the first, third, and fourth *Porter* factors weigh against Plaintiff's request," and the second does not support it. 2024 WL 1815459, at *2; *accord Doe v. Brooks Automation US LLC*, No. 3:24-cv-01284, 2025 WL 936659, at *3 (M.D. Tenn. Mar. 27, 2025); *Edoff*, 2025 WL 733431, at *3.

**1. Plaintiff Does Not Challenge Governmental Activity.**

Every Defendant is a private party. This factor weighs against Plaintiff and distinguishes her principal authority, *Doe v. City of Detroit*, No. 18-cv-11295, 2018 WL 3434345 (E.D. Mich. July 17, 2018), in which the plaintiff sued a municipal employer.

**2. This Case Does Not Require Disclosure of Information "of the Utmost Intimacy."**

Plaintiff's claims—race discrimination, retaliation, breach of an employment agreement, and emotional distress—are the ordinary stuff of employment litigation

that federal courts adjudicate publicly every day. Six of her seven counts have nothing to do with sexual conduct at all.

The remaining count does not change the analysis. Count IV alleges that a supervisor made unwelcome comments about Plaintiff's appearance, made remarks about "table dancing," left notes in her office, and sought to be near her. (ECF No. 1, ¶¶ 304–07, PageID.71–72.) Defendants deny these allegations, but even accepted as true, they do not approach the categories of information courts have treated as "of the utmost intimacy." *Shaw* is directly on point. There, a female electrician alleged gender-based harassment and retaliation that included being called crude, sexually explicit slurs, vandalism of her vehicle, and exclusion from safety meetings. 2024 WL 1815459, at *1. Judge Borman held that those allegations—"claims more typical in a sexual harassment and retaliation employment case of name calling, antagonism of coworkers, exclusion from meetings, and job loss"—did not rise to the level of utmost intimacy, distinguishing cases involving repeated sexual assault and rape. *Id.* at *2–3 (distinguishing *Doe v. FedEx Ground Package Sys., Inc.*, No. 3:21-cv-00395, 2021 WL 5041286 (M.D. Tenn. Oct. 29, 2021)). The court also rejected the plaintiff's reliance on the "embarrassing and traumatic" nature of the conduct, explaining that "'the potential for embarrassment or public humiliation does not, without more, justify a request for anonymity.'" *Id.* at *3 (citation omitted); *see also Brooks*, 2025 WL 936659, at *3 (applying *Shaw* to deny pseudonymity to

employment plaintiff alleging harassment, retaliation, and reputational harm). The comments alleged here are, if anything, less severe than those in *Shaw*. Moreover, Plaintiff is the alleged recipient of the comments, not the person accused of misconduct, and she identifies nothing about her own private life that the claim will force her to reveal. Courts have long refused anonymity to professionals alleging workplace sex discrimination. *See S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712–13 (5th Cir. 1979) (denying anonymity to female lawyers alleging sex discrimination by law firms).

Nor do Plaintiff's allegations of emotional distress qualify. Nearly every employment plaintiff seeks such damages. In *Shaw*, the court held that the plaintiff's "generalized allegation 'that she was experiencing anxiety because of the hostile work environment and ongoing harassment'" was "insufficient . . . to justify proceeding anonymously," contrasting the FedEx plaintiff who had suffered repeated rape and was undergoing psychiatric treatment for PTSD. 2024 WL 1815459, at *3. Plaintiff's declaration offers the same generalized assertions of "severe emotional distress, humiliation, and psychological burdens." (ECF No. 2, PageID.156, Decl. ¶ 5.)

Finally, Plaintiff's own filing belies her claim that these matters are too intimate to litigate under her name. She chose to set out the allegations in exhaustive

detail in a public complaint and to publicly identify co-workers, by full name, who allegedly experienced the same workplace conduct. (ECF No. 1, PageID.20, 32, 62.)

#### 3. Plaintiff Will Not Disclose Any Intention to Violate the Law, and She Is Not a Minor.

The third and fourth *Porter* factors are not implicated. Plaintiff is an adult executive with "approximately twenty years" of professional experience (ECF No. 2, PageID.138), and nothing about her claims exposes her to criminal liability.

### B. Plaintiff's Remaining Justifications Do Not Overcome the Presumption of Openness.

#### 1. Reputational and Career Concerns Are Insufficient as a Matter of Law.

The core of Plaintiff's Motion is that a searchable association with this lawsuit could harm her future executive career. (ECF No. 2, PageID.138, 151; *id.* at PageID.156–57, Decl. ¶¶ 3, 6.) Plaintiff's own brief concedes that "economic or reputational harm alone may not automatically dictate pseudonymity." (*Id.* at PageID.151.) That concession understates the law. In *Shaw*, the plaintiff argued that "her current and future employers will be able to discover that she has sued a former employer, exposing her to adverse employment actions." 2024 WL 1815459, at *1. The court rejected that argument as "speculative," observing that "the same might be said of most, if not all, litigants alleging employment discrimination." *Id.* at *3 (quoting *Doe v. Fairfield Med. Ctr.*, No. 2:22-cv-3919, 2023 WL 130726, at *2 (S.D. Ohio Jan. 9, 2023)). Such "concerns about annoyance, embarrassment, economic

harm and scrutiny from current or prospective employers . . . constitute the type of concerns harbored by other similarly situated employees who file retaliation lawsuits under their real names." *Id.* (quoting *Doe v. Univ. of Pittsburgh*, No. 1:17-cv-213, 2018 WL 1312219, at *2 (W.D. Mich. Mar. 14, 2018)); *accord Brooks*, 2025 WL 936659, at *3 (rejecting concerns about "future employment opportunities and professional reputation" and "standing within her industry"). Courts elsewhere agree. *See Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) ("That a plaintiff may suffer embarrassment or economic harm is not enough."); *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992); *S. Methodist*, 599 F.2d at 713 (fear of retaliation by future employers insufficient).

The reason is plain. Every plaintiff who sues a former employer runs some risk that a prospective employer will learn of the suit. If that risk justified anonymity, pseudonymous filing would become the rule in employment litigation rather than the rare exception. Plaintiff's seniority does not make her case different in kind. The plaintiff in *Brooks* likewise invoked her professional standing and her particular vulnerability, and the court nonetheless found no exceptional circumstances. 2025 WL 936659, at *3–4. If anything, a senior executive's claims against a prominent company and its leadership are matters in which the public interest in open proceedings is at its height.

Plaintiff's suggestion that anonymity "benefits Defendants" by helping her mitigate damages (ECF No. 2, PageID.139, 150) is no answer. The duty to mitigate is Plaintiff's, and Defendants are entitled to make their own judgments about their interests. The argument confirms only that Plaintiff's concern is economic.

**2. Plaintiff's Safety Concern Is Speculative.**

Plaintiff identifies no threat ever made to her. Her claimed safety concern rests entirely on her observation that, during the 2022 COVID-19 vaccine mandate, Carhartt leadership—including Defendant Valade—received threats from members of the public. (ECF No. 2, PageID.138, 148–49; *id.* at PageID.157–58, Decl. ¶¶ 9–10.) Threats directed at a different person, over an unrelated public-policy controversy, four years ago, say nothing about any risk to Plaintiff from this lawsuit. "[W]hen a plaintiff seeks to proceed under a pseudonym, he or she must demonstrate a risk of actual harm; in other words, generalized fear . . . without more is insufficient." *Brooks*, 2025 WL 936659, at *4 (quoting *Doe #11 v. Lee*, No. 3:22-cv-00338, 2023 WL 1929996, at *5 (M.D. Tenn. Feb. 10, 2023)); By contrast, the plaintiff in *City of Detroit* described specific harassment and threats of violence she had personally received, and the plaintiffs in *Porter* presented evidence of hostility in their community toward anyone who challenged the program. 370 F.3d at 560–61. Plaintiff offers nothing comparable.

#### 3. Plaintiff's Identity Is Already Disclosed—By Her Own Filings.

Pseudonymity serves no purpose where the plaintiff's identity is already public. Plaintiff's Complaint describes her as the "highest ranking Black executive" at Carhartt and identifies her precise title, her start date, her compensation, and her state of residence. (ECF No. 1, ¶¶ 1, 13, PageID.2, 6; *id.*, Ex. 1, PageID.91.) Anyone with a passing familiarity with Carhartt's leadership—including the executive recruiters and professional networks Plaintiff says she fears (ECF No. 2, PageID.151)—can identify her from those facts alone. And her own exhibit discloses her surname. By doing so, Plaintiff has waived the right to proceed anonymously. *See Boardman v Ohio State Univ.,* No. 2:23-CV-3566, 2024 WL 21462771, at *3 (S.D. Oh. Apr. 4, 2024) (noting that a plaintiff who included her name when initiating the case "waived any right to proceed pseudonymously"). An order requiring the parties to refer to Plaintiff as "Jane Doe" going forward cannot undo disclosures Plaintiff herself has made.

### C. Anonymity Would Prejudice Defendants and Disserve the Public Interest.

#### 1. Fundamental Fairness Requires Plaintiff to Stand Behind Her Accusations Publicly.

Plaintiff asks for an arrangement in which she may publicly accuse eight named individuals of racism and sexual harassment, publicly plead their personal wealth, and publicly demand nine-figure punitive damages, while she alone remains

anonymous. Indeed, she touts as a virtue of her proposal that the public will retain "the identity of the corporate and individual defendants." (ECF No. 2, PageID.139.) That asymmetry is precisely what courts reject. As one court explained in denying anonymity to a plaintiff alleging sexual assault, "[p]laintiff has chosen to bring this lawsuit. She has made serious charges and has put her credibility in issue. Fairness requires that she be prepared to stand behind her charges publicly." *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996); *see also S. Methodist*, 599 F.2d at 713 (noting that defendants publicly accused of violating federal law were entitled to have the accusers identified). The individual Defendants' reputations are at stake in this case at least as much as Plaintiff's.

**2. Defendants' Knowledge of Plaintiff's Identity Does Not Eliminate Prejudice.**

Plaintiff argues there can be no prejudice because Defendants know who she is. (ECF No. 2, PageID.149–50.) But that fact "alone is insufficient to outweigh compliance with the civil rules of procedure and preference for open judicial proceedings." *Shaw*, 2024 WL 1815459, at *4 (quoting *Doe v. Univ. of Akron*, No. 5:15-cv-2309, 2016 WL 4520512, at *3 (N.D. Ohio Feb. 3, 2016)). The defendant in *Shaw* knew the plaintiff's identity and took no position on the motion, and the court denied it anyway. *Id.* at *1, *4. Anonymous litigation also "undermines the efficiency of the courts by impeding the application of res judicata and collateral estoppel." *Id.* at *4. And the prejudice is not limited to discovery. Plaintiff has

demanded a jury. (ECF No. 1, PageID.89.) Permitting a party to proceed as "Jane Doe" before a jury risks signaling that the Court has credited her claims of victimhood or danger, and it complicates voir dire, witness identification, and the presentation of evidence. Pseudonymity also impairs Defendants' ability to identify and develop witnesses with knowledge of Plaintiff's professional history—a subject Plaintiff has squarely placed at issue by claiming "severe loss of professional reputation." (*Id.* at PageID.87.)

#### 3. The Public Has a Substantial Interest in This Case.

Plaintiff's claims target one of Michigan's best-known companies and its leadership, and she seeks to recover punitive damages measured by Defendants' "corporate value" and "individual net worth." (ECF No. 1, PageID.87.) The public interest in knowing who invokes the Court's power to impose such sanctions is substantial. *See Shane Grp.*, 825 F.3d at 305.

#### 4. Opposing This Motion Is Not Evidence of Retaliation.

Plaintiff asserts that if Defendants "choose to oppose this very limited protection, it further evidences Plaintiff's claims that Defendants retaliated against her" and harbor "on-going retaliatory animus." (ECF No. 2, ¶ 9, PageID.139.) That contention is improper and should be disregarded. Rule 10(a) places the burden on Plaintiff, and Defendants' good-faith opposition to a motion that Plaintiff chose to

file is ordinary litigation conduct, not evidence of anything. A party may not insulate a motion from opposition by declaring in advance that opposition is itself wrongful.

**5. Plaintiff's Authorities Do Not Support Her Request.**

Plaintiff's cases are readily distinguishable, and the decisions most analogous to this case—*Shaw*, *Edoff*, and *Brooks*—all denied pseudonymity. *Porter*, which Plaintiff cites, involved government action, religious belief, and young children. 370 F.3d at 560–61. *City of Detroit* involved a public employer, a transgender plaintiff whose gender identity was not publicly known, and specific threats of violence the plaintiff had personally received. 2018 WL 3434345, at *2–3. *H.G. v. Inter-Continental Hotels Corp.*, 489 F. Supp. 3d 697 (E.D. Mich. 2020), involved a plaintiff alleging that she was a victim of sex trafficking—a category of claim bearing no resemblance to this one. And *Marsh*, which Plaintiff cites as controlling, supports Defendants: it confirms that the failure to obtain leave is "fatal to an anonymous plaintiff's case." 123 F. App'x at 636.

Plaintiff's discussion of the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act, 9 U.S.C. §§ 401–402, and *Bruce v. Adams & Reese, LLP*, No. 25-5210 (6th Cir. 2026), is irrelevant to the question presented. Whether Plaintiff may litigate in this forum has no bearing on whether she may do so anonymously, and the issue of arbitrability is not before the Court. Defendants

expressly reserve all rights and arguments regarding arbitration, including whether Count IV states a plausible claim.

### 6. Plaintiff Has Not Shown Good Cause for Her Requested Protective Order.

Plaintiff also asks the Court to order that "[t]he parties shall redact all identifying information of Plaintiff from public filings." (ECF No. 2, PageID.140.) A party seeking a protective order under Rule 26(c) "must articulate specific facts showing 'clearly defined and serious injury' . . . and cannot rely on mere conclusory statements." *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001) (citations omitted). Plaintiff offers only the same generalized career and safety concerns addressed above.

The requested order is also unworkably broad. "Identifying information" would sweep in Plaintiff's title, reporting relationships, dates of employment, compensation, and the identity of her direct reports—facts at the heart of her own claims, which the parties and the Court will need to discuss in virtually every substantive filing. And it is unnecessary: Rule 5.2 already specifies the categories of personal information that must be redacted, and a party "does not need to proceed under a fictitious name in order to keep personal information such as social security numbers out of the publicly-accessible docket." *Edoff*, 2025 WL 733431, at *3 (citing Fed. R. Civ. P. 5.2(a)). The name of an adult party is not among the Rule 5.2 categories. Any request to seal particular materials must be made through the

specific, document-by-document showing required by E.D. Mich. LR 5.3 and *Shane Group*, 825 F.3d at 305–08. *See Brooks*, 2025 WL 936659, at *4 (denying employment plaintiff's request to seal complaint exhibits absent document-by-document analysis).

#### 7. The Motion Suffers From Additional Procedural Defects.

*First*, Plaintiff's declaration is signed only "/s/ Jane Doe." (*Id.* at PageID.158.) The value of an unsworn declaration under 28 U.S.C. § 1746 lies in the declarant's exposure to the penalties of perjury; a declaration by an unidentified declarant offers the Court no such assurance. At a minimum, the Court should give the declaration no weight unless and until Plaintiff files a signed version under her true name.

*Second,* Plaintiff's brief discloses the occurrence of the parties' confidential settlement discussions and private mediation in support of her Motion. (*Id.* at PageID.148, 150; *id.* at PageID.157, Decl. ¶ 7.) Defendants do not respond to those characterizations here and reserve all rights under any applicable confidentiality agreement and Federal Rule of Evidence 408.

### D. Neither a Preliminary Injunction Nor a Temporary Restraining Order are Warranted.

Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 3) should likewise be denied. "A preliminary injunction is an extraordinary measure that has been characterized as 'one of the most drastic tools

in the arsenal of judicial remedies." *Bonnell v. Lorenzo*, 241 F.3d 800, 808 (6th Cir. 2001). To determine whether a preliminary injunction or temporary restraining order should be granted, courts consider the following factors: (1) the likelihood that the plaintiff will succeed on the merits; (2) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied; (3) the likelihood of harm to the defendant if the requested relief is granted; and (4) the public interest. *Michigan Bell Telephone Co. v. Engler*, 257 F.3d 587, 599 (6th Cir. 2001). "Although no one factor is controlling, a finding that there is … no likelihood of success on the merits is … fatal." *Gonzalez v. National Bd. Of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000).

Plaintiff's Motion for a Preliminary Injunction and Temporary Restraining Order incorporates and relies on the same facts and arguments as Plaintiff's Motion to Proceed Under a Pseudonym, and must be denied the same reasons set forth above. Specifically, as demonstrated: (1) Plaintiff is unlikely to succeed on the merits her underlying Pseudonym Motion (*see supra* pp. 5-17), (2) Plaintiff cannot establish irreparable harm, particularly where her own filings already reveal her identity (ECF No. 1, ¶¶ 1, 13, PageID.2, 6; *id.*, Ex. 1, PageID.91.) (*see supra* p. 9-12), (3) granting Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order would severely prejudice Defendants (*see supra* pp. 13-14), and (4) the public interest weighs in favor of disclosure (*see supra* p. 14). For these

reasons, the Defendants respectfully request the Court also deny Plaintiff's Motion for a Preliminary Injunction and Temporary Restraining Order.

## V. CONCLUSION

Plaintiff has not shown that this is the exceptional case in which a party's privacy interests substantially outweigh the presumption of open judicial proceedings. Nor has Plaintiff met her burden of demonstrating that a preliminary injunction or temporary restraining order is necessary while the Court rules on Plaintiff's Motion to Proceed Under the Pseudonym "Jane Doe." Accordingly, Defendants respectfully request that the Court deny Plaintiff's Motion for Leave to Proceed Under the Pseudonym "Jane Doe" and for a Limited Protective Order (ECF No. 2) and Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 3) and order Plaintiff to file an amended complaint in her true name within fourteen (14) days, failing which the action should be dismissed without prejudice. *See Shaw*, 2024 WL 1815459, at *4 (ordering refiling within seven days or dismissal for lack of jurisdiction); *Edoff*, 2025 WL 733431, at *5.

Respectfully submitted,

DICKINSON WRIGHT PLLC

By: */s/ Aaron V. Burrell*
DANIEL D. QUICK (P48109)
AARON V. BURRELL (P73708)
ELLE KERSTEN (P87856)
Attorneys for Defendants
500 Woodward Avenue, Suite 4000
Detroit, MI 48226
(313) 223-3500
dquick@dwlaw.com
aburrell@dwlaw.com
ekersten@dwlaw.com

Dated: November 10, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on November 10, 2026, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

*/s/ Aaron V. Burrell*
Aaron V. Burrell (P73708)

4926-4152-1888 v3 [8503-773]